UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **BRANDIE WRIGHT,** | ) |
| Plaintiff, | ) Civil Action No.: |
| v. | ) |
| **BLUESTEM BRANDS, INC. d/b/a FINGERHUT,** | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

# COMPLAINT

BRANDIE WRIGHT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants conduct business in the State of Ohio, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Canton, Ohio.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its headquarters located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for several years.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Throughout June 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was utilizing an automated dialing system as each call began with a delay prior to a representative picking up the phone.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Although Plaintiff has an account with Defendant, in mid to late September 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

18. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

19. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

## DEFENDANT VIOLATED THE
## <u>TELEPHONE CONSUMER PROTECTION ACT</u>

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, BRANDIE WRIGHT respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BRANDIE WRIGHT, demands a jury trial in this case.

| | |
|---|---|
| DATED:  10/29/15 | RESPECTFULLY SUBMITTED, |
| | By:  /s/Amy Lynn Bennecoff Ginsburg |
| | Amy Lynn Bennecoff Ginsburg |
| | Attorney for Plaintiff |
| | Kimmel & Silverman, P.C. |
| | 30 E. Butler Pike |
| | Ambler, PA 19002 |
| | Phone: (215) 540-8888 |
| | Fax: (877) 788-2864 |
| | Email: aginsburg@creditlaw.com |